FILED
CLERK, U.S. DISTRICT COURT
08/17/2015
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: PACQUIAO-MAYWEATHER BOXING
MATCH PAY-PER-VIEW LITIGATION                                MDL No. 2639
        2:15-cv-06230-RGK(PLAx)
        NEIDL, ET AL. v. TOP RANK, INC., ET AL.,

### TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in an action pending in the Central District of California moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. This litigation currently consists of ten actions pending in eight districts, as listed on Schedule A.[1] All of the actions in this litigation arise from allegations that defendants fraudulently concealed a shoulder injury suffered by Emmanuel "Manny" Pacquiao approximately one month before a May 2, 2015 professional boxing match between Pacquiao and Floyd Mayweather, Jr. (the Fight), which was broadcast nationally on a "pay-per-view" basis. The actions are all brought on behalf of overlapping nationwide or state putative classes of purchasers of the pay-per-view Fight.

Plaintiff in the District of Maryland *Johnson* action opposes centralization.[2] All other responding parties support centralization, but propose a number of potential transferee districts. Defendants Emmanuel Pacquiao, Top Rank, Inc., Michael Koncz, Robert Arum, Todd DuBoef, Frederick Roach, and Home Box Office, Inc. (HBO) (collectively, the Pacquiao Defendants), as well as plaintiffs in six related actions, support centralization in the Central District of California. Plaintiffs in two of these related actions also argue that the Panel should exclude claims against the pay-per-view provider defendants (such as HBO) from the centralized proceedings. Several parties support centralization in the Central District of California in the alternative.

Defendants Floyd Mayweather, Jr., Mayweather Promotions, LLC, and Showtime Networks,

---

[*] Judges Marjorie O. Rendell and Charles R. Breyer took no part in the decision of this matter. Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The parties have notified the Panel of 32 additional related actions pending in 16 districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiffs in another related action dropped their opposition at oral argument of this motion and now support centralization in the Central District of California.

-2-

Inc., as well as plaintiffs in thirteen related actions, support centralization in the District of Nevada. Plaintiffs in three related actions support centralization in the Southern District of New York. Each of these districts is supported in the alternative by several parties. Additionally, the Southern District of California, the Southern District of Florida, and the Northern District of Illinois are each proposed by plaintiffs in one action. Finally, several parties propose the Eastern District of New York and the District of New Jersey in the alternative as potential transferee districts.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that Defendant Pacquiao suffered a severe torn rotator cuff injury to his right shoulder approximately one month before the Fight. Plaintiffs in each of the actions allege that Pacquiao and the other defendants failed to disclose this injury to the public and, in fact, misrepresented Pacquiao's health prior to the Fight, ostensibly so as not to risk the alleged $300 million in revenue from pay-per-view purchases of the Fight. Although there is some variation in the causes of action asserted by the plaintiffs, all are based upon the theory that members of the public were fraudulently induced to purchase the pay-per-view showing of the Fight.

Plaintiff Johnson's opposition to centralization is not persuasive. Although she claims that there is no significant factual dispute in this matter, at this stage this is not certain. The Pacquiao Defendants, for instance, insist in their papers that plaintiffs' characterization of the facts is incorrect. Any factual disputes regarding the nature of Pacquiao's injury—such as when it occurred and its severity—likely will require significant factual, and possibly expert, discovery. This and other common factual questions, such as whether the other defendants knew of Pacquiao's injury, are sufficiently complex to merit centralization given the large number of related actions.

The opposing plaintiff also argues that the variance in the named defendants, causes of action, and putative classes in the complaints weigh against centralization. Every complaint, though, names Pacquiao and his promoter, Top Rank, Inc., as defendants. Furthermore, the claims against all of the defendants, and all the causes of action asserted, are based on a common factual core—the alleged concealment of Pacquiao's shoulder injury. As we have previously stated, where common factual issues exist, the presence of different legal theories among the actions is not a bar to centralization. *See In re Bank of New York Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012). Further, the actions involve overlapping putative classes of pay-per-view purchasers. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are presented with a number of potential transferee districts. After weighing all relevant factors, we select the Central District of California as the transferee district for this litigation. The Central District of California has the largest number of related actions of any district, and several plaintiffs and defendants support centralization in this district, both in the first instance and in the

-3-

alternative. The Central District of California also has a significant nexus to this litigation. Pacquiao allegedly trained for the Fight, suffered the shoulder injury, and sought medical treatment at locations within the district. Thus, documentary evidence and witnesses concerning the injury at the center of this dispute likely will be located within the Central District of California. The district also presents a convenient and accessible forum with the necessary judicial resources and expertise to manage this litigation efficiently. By appointing the Honorable R. Gary Klausner to preside over this matter, we select a jurist with multidistrict litigation experience and the ability to steer this large and potentially complicated litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable R. Gary Klausner for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Lewis A. Kaplan          Ellen Segal Huvelle
R. David Proctor         Catherine D. Perry

I hereby attest and certify on 08/17/2015 that the foregoing document is full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Andres Pedro
DEPUTY CLERK

**IN RE: PACQUIAO-MAYWEATHER BOXING**
**MATCH PAY-PER-VIEW LITIGATION**                                MDL No. 2639

## SCHEDULE A

<u>Central District of California</u>

MAHONEY v. PACQUIAO, ET AL., C.A. No. 2:15−03376
TJADEN v. TOP RANK, INC., ET AL., C.A. No. 2:15−03419

<u>Northern District of Florida</u>

JACKSON v. PACQUIAO, ET AL., C.A. No. 1:15−00089   CACD 2:15-cv-06226-RGK(PLAx)

<u>Northern District of Illinois</u>

GOMEZ, ET AL. v. TOP RANK, INC., ET AL., C.A. No. 1:15−03982   CACD 2:15-cv-06227-RGK(PLAx)

<u>District of Maryland</u>

JOHNSON v. TOP RANK, INC., ET AL., C.A. No. 8:15−01307   CACD 2:15-cv-06228-RGK(PLAx)

<u>District of Nevada</u>

VANEL, ET AL. v. PACQUIAO, ET AL., C.A. No. 2:15−00842   CACD 2:15-cv-06229-RGK(PLAx)
NEIDL, ET AL. v. TOP RANK, INC., ET AL., C.A. No. 2:15−00849   CACD 2:15-cv-06230-RGK(PLAx)

<u>District of New Jersey</u>

BOBADILLA v. TOP RANK, INC., ET AL., C.A. No. 1:15−03187   CACD 2:15-cv-06231-RGK(PLAx)

<u>Eastern District of New York</u>

BARRIOS v. PACQUIAO, ET AL., C.A. No. 1:15−02606   CACD 2:15-cv-06233-RGK(PLAx)

<u>Eastern District of Texas</u>

CRAIG v. PACQUIAO, ET AL., C.A. No. 2:15−00629   CACD 2:15-cv-06234-RGK(PLAx)